AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

_____ Rashee Lamount Hunter _____
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: CR05-13-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed     that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  _____ .*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     X clear and convincing evidence  X a preponderance of the evidence Defendant is charged with possessing a firearm and possessing cocaine. Evidence presented during the hearing revealed that defendant and his associate, a convicted felon, assaulted and attempted to rob an individual. Both defendant and his associate, Fisher, are from PA. After the victim sought the assistance of the WPD by flagging down some officers, defendant took flight, but running throughout the Adams Street area, ignoring or refusing to obey the officers orders to stop. This resulted in a long foot chase during which Fisher attempted to shoot an officer – pointed a gun at the pursuing officer. When defendant was apprehended, a gun was also found in his jacket which he removed and dumped during the pursuit. Defendant admitted that he obtained the weapon in exchange for cocaine. Cocaine was also found in his possession.

Although defendant represented that he did not know Fisher previously, he had met him of the train, Fisher was found in possession of car keys, and his car was located near Adams street. It is of some curiosity that defendant was willing to admit to possession of the weapon, but denied that the car keys were his.

At the time of this incident, defendant was on probation for intent to manufacture/deliver a controlled substance in PA. In 2003, a warrant was issued for his failure to appear for arraignment on another charge for intent to manufacture. He was not apprehended on that warrant until 2004. Further, defendant has a violation of probation warrant outstanding in PA issued on March 1, 2005. He was adjudged delinquent for theft, receiving stolen property and unauthorized use of a motor vehicle in 2000. So at 20 years of age, defendant has a significant criminal history. He has not been employed since 2002. Based upon the evidence presented, defendant's conduct in response to the police and his flight, as well as, his possession of a weapon and his probation status, the court finds that there are no conditions or combination there of that will reasonably assure defendant's appearance as required, and the safety of the community.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 22, 2005 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).