

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*    *(302) 573-6277*
*1007 Orange Street, Suite 700*    *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

July 15, 2005

**Via Electronic Filing**

The Honorable Gregory M. Sleet
United States District Judge,
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:   **United States v. Rashee Lamont Hunter**
           **Criminal Action No. 05-13-GMS**

Dear Judge Sleet:

    The Court has scheduled a change of plea hearing in the above-captioned case on July 28, 2005, at 11:30 a.m. Enclosed please find a copy of the memorandum of plea agreed to by the parties. An executed original will be submitted at the hearing.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                          By: _____
                                      Adam Safwat
                                      Assistant United States Attorney

cc:     Mark S. Greenberg, Esq.
          The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-13-GMS |
| RASHEE LAMONT HUNTER, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Mark S. Greenberg, Esquire, attorney for the Defendant, RASHEE LAMONT HUNTER, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count III of a Superseding Indictment. Count III charges the Defendant with possession of a firearm by an individual previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant knowingly possessed a firearm; (ii) before he possessed the firearm, the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (iii) the possession of the firearm was in or affecting commerce. The maximum penalties for Count I are found in 18 U.S.C. § 924(a)(2), and are ten years

imprisonment, a $250,000.00 fine, three years of supervised release following any term of imprisonment, and a $100.00 special assessment.

2. The Defendant knowingly, voluntarily, and intelligently admits that on or about January 15, 2005, in the State of Delaware, he knowingly possessed a firearm, to wit, a .25 caliber Sterling pistol, model 300, serial number S03194. The Defendant does not contest that this firearm was manufactured outside the State of Delaware and traveled in interstate commerce. The Defendant further knowingly, voluntarily, and intelligently admits that he was convicted in the Court of Common Pleas, Pennsylvania, on or about November 22, 2004, of possession with intent to deliver a controlled substance, a crime which is punishable by imprisonment for a term exceeding one year.

3. The United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court.

The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

5. At or about the time of sentencing, the United States will move to dismiss Counts I and II of the Superseding Indictment.

6. The Defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

7. If the Court sentences the Defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he

expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

9. The Defendant abandons any right, title and interest that he may have in the firearm identified in paragraph two of this agreement.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

///

Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                                  COLM F. CONNOLLY
                                                  United States Attorney

_____    By:  _____
Mark S. Greenberg, Esquire                Adam Safwat
Attorney for Defendant                     Assistant United States Attorney

_____
Rashee Lamont Hunter
Defendant

Dated:

                                                * * *

**AND NOW** this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                              _____
                                              THE HONORABLE GREGORY M. SLEET
                                              UNITED STATES DISTRICT JUDGE
                                              DISTRICT OF DELAWARE